UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
JOSE LUIS MOLINA, *pro se*,          :
                Plaintiff,    :
        -against-          :
                      :   **SUMMARY ORDER**
WHITNEY MUSEUM OF ART and            :   09-cv-3924(DLI) (JO)
EQUAL EMPLOYMENT OPPORTUNITY         :
COMMISSION,                          :
                Defendants.   :
                      :
------------------------------------------------------ X
**DORA L. IRIZARRY, United States District Judge:**

       On June 24, 2009, *pro se* plaintiff, Jose L. Molina, brought a personal injury claim against the Whitney Museum of Art ("the Whitney") and the Equal Employment Opportunity Commission ("EEOC") in Kings County Supreme Court, seeking monetary relief for New York state common law claims. On September 11, 2009, the EEOC removed the complaint to this court pursuant to 28 U.S.C. § 1442(a)(1) and 2675 *et seq.*, on the ground that the action alleges negligent or wrongful acts or omissions by the EEOC, a federal agency.[1] On September 29, 2009, the Whitney moved for dismissal of plaintiff's claims. The EEOC's request for an extension of time to file its motion to dismiss was granted on October 2, 2009. On October 23, 2009, plaintiff's motion for the appointment of counsel was denied without prejudice. On October 27, 2009, plaintiff filed a motion to compel discovery of certain evidence. On October 29, 2009, this court ordered that the filings of any motions or cross-motions be held in abeyance pending further order of this court. On October 30, 2009, plaintiff filed an amended motion to compel discovery.

---

[1] By random assignment, this case was originally assigned to Chief U.S. District Court Judge Raymond J. Dearie. On September 14, 2009, the Clerk's Office issued an Order of Relatedness to other matters filed by this frequent filer. Those matters were assigned to the undersigned district judge. Based on the relation of the cases, this matter was reassigned to this judge on October 29, 2009.

For the reasons set forth below, plaintiff's requests for discovery are denied, and this action is dismissed in its entirety.

## Discussion

As a *pro se* litigant, plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the court will construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*emphasis omitted*). However, even given a liberal construction of plaintiff's filing, the complaint must be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The history of Molina's frequent, frivolous filings is set forth in greater detail in this court's October 30, 2009 Order dismissing plaintiff's complaint in *Molina v. Excel Sec., et al.*, 09-cv-4105 (DLI) (JO), and shall not be repeated here in the interest of judicial economy. In sum, Molina has filed numerous actions in this court, each of which was dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). On June 20, 2008, plaintiff was barred from filing future IFP actions without leave of the court. *See Molina v. Alen, et al.*, 08-cv-1757 (RJD) (LB). By Order dated November 3, 2009, this court denied plaintiff leave to file six additional frivolous complaints and issued an order to show cause, returnable November 30, 2009, why plaintiff should not be barred from future filings of complaints under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e(17), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, without leave of the court. *See Molina v. Prime Protective Sys.*, 09-mc-682 (DLI).

The instant action was originally filed in New York state court, in an apparent attempt by plaintiff to prevent this court from reviewing the complaint before it was filed. Such review has become necessary because of *pro se* plaintiff's frequent filings of frivolous and indecipherable claims and the court's prior findings in those matters that its resources are more properly devoted to legitimate causes of action. Plaintiff sought to do this once before, filing a claim in the U.S. District Court for the Southern District of New York, which was ultimately transferred here and dismissed as frivolous. *See Molina v. Carroll Street Properties*, 08-mc-581 (DLI) (LB).[2] It is unfortunate that this frivolous matter progressed to the extent that it did due to *pro se* plaintiff's attempts at manipulating both the state and federal court systems.

Once again, in the instant action, plaintiff offers only vague, incoherent allegations that do not establish any cognizable cause of action against either the Whitney or the EEOC. Specifically, plaintiff claims that he "work for whiney meseum of art there show vedio porno movies gay mans while work. defendents engage broke contract with empoyer had suffier pain injury to person [*sic*]." (Compl. ¶¶ 6-7.) He further makes vague, nonsensical, and frivolous allegations that gangs made various attempts to injure him, apparently while he employed as a security guard. (*See* Compl. ¶¶ 3-5) Notably, these allegations are similar to those made by plaintiff in his previous filings. Since the complaint fails to set forth any allegations of fact in support of plaintiff's personal injury claims, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Conclusion**

---

[2] Plaintiff is likewise precluded from filing new *in forma pauperis* actions in the Southern District of New York without leave of court. *See Molina v. U.S. Sec. Assoc., Inc.*, 08-cv-6376 (CM) (S.D.N.Y. Dec. 12, 2008).

For the reasons set forth above, this action is dismissed in its entirety. Plaintiff's discovery requests are denied as moot. The court's prior Order barring plaintiff from filing future *in forma pauperis* complaints remains in effect. The Clerk of the Court is directed to return, without filing, any future *in forma pauperis* complaint by plaintiff unaccompanied by a request for leave to file. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 4, 2009

/s/
DORA L. IRIZARRY
United States District Judge