UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
JOSE LUIS MOLINA, *pro se*,      :
                                 :
                    Plaintiff,   :
         -against-               :         **SUMMARY ORDER**
                                 :         09-cv-3924 (DLI) (JO)
WHITNEY MUSEUM OF ART and        :
EQUAL EMPLOYMENT OPPORTUNITY     :
COMMISSION,                      :
                                 :
                    Defendants.  :
------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

On November 4, 2009, this court dismissed *pro se* plaintiff's complaint. (*See* Docket Entry 22.)[1] When dismissing the complaint, the court also reaffirmed its prior Order barring plaintiff from filing future *in forma pauperis* complaints. On June 9, 2010, plaintiff moved "for reconsideration entery [sic] to your court." (*See* Docket Entry No. 28.) The court would typically construe a motion such as this as one pursuant to Local Civil Rule 6.3. However, as it was filed seven months after the court's decision, it would normally be dismissed as untimely. Courts sometimes construe untimely motions for reconsideration as being brought under Rule 60(b) of the Federal Rules of Civil Procedure, particularly when made by *pro se* litigants. *Grand River Enterprises Six Nations, Ltd. v. King*, 2009 WL 1739893, at *2 (S.D.N.Y. June 16, 2009) (citing United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993)). Regardless, the court finds the motion is without merit.

The court liberally reviews *pro se* submissions "to raise the strongest argument that they suggest." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations and internal quotations omitted). "A motion for relief from judgment pursuant to Rule 60 must adhere to stringent

---

[1] By Order dated January 28, 2010, the Second Circuit Court of Appeals dismissed plaintiff's appeal from the court's November 4, 2009 Order. (*See* Docket Entry No. 27)

standards, because such relief is limited to the six grounds specified in the rule." *Welkovics v. Hebrew Academy of Capital Dist.*, 1995 WL 760726, at *1 (N.D.N.Y., Nov. 14, 1995).[2] In deciding such motions, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). "Moreover, courts typically require that the evidence in support of the motion for relief be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Welkovics*, 1995 WL 760726, at *1 (citations and internal quotation marks omitted). District courts have "sound discretion" to rule on such motions. *See Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978).

As with all of plaintiff's previous filings, plaintiff's one-page document is incomprehensible and offers only vague, incoherent statements. The court cannot discern any cognizable legal arguments from the rambling nature of plaintiff's submissions. None of plaintiff's statements are persuasive, let alone "highly convincing." *Welkovics*, 1995 WL 760726, at *1. The interests of finality thus far outweigh any policy of revisiting the dismissed claims. *See Kotlicky*, 817 F.2d at 9. Accordingly, the court exercises its discretion to deny the instant motion in its entirety. *See Browder*, 434 U.S. at 263 n.7.

SO ORDERED.

Dated: Brooklyn, New York
      October 6, 2010

/s/
DORA L. IRIZARRY
United States District Judge

---

[2] These grounds are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).